United States District Court
Southern District of Texas
**ENTERED**
August 21, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NELSON OROSCO VEGA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-5581 |
| | § | |
| BRET BRADFORD, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Nelson Orosco Vega ("Petitioner"), a citizen of El Salvador, entered the United States without inspection in 2007.[1] On July 4, 2026, Petitioner was taken into immigration custody.[2] On July 5, 2026, Petitioner was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled."[3] Petitioner remains in immigration detention.[4]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates due process.[5] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 6). Respondents argue that

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Exhibit 1 to Civil Cover Sheet, Docket Entry No. 1-1, p. 9 ¶ 41; Motion to Stay and, in the Alternative, Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 6, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Exhibit 1 to Civil Cover Sheet, Docket Entry No. 1-1, p. 9 ¶ 45.

[3]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 6-1, pp. 1, 4.

[4]Respondents' MSJ, Docket Entry No. 6-1, p. 2.

[5]Habeas Petition, Exhibit 1 to Civil Cover Sheet, Docket Entry No. 1-1, pp. 16–17 ¶¶ 77–87.

Petitioner's detention does not violate due process because he is legally detained under § 1225(b)(2) as an applicant for admission.[6] Petitioner has filed Petitioner's Reply to Respondent's Answer, Motion to Stay and in the Alternative Motion for Summary Judgment (Docket Entry No. 7).

Because "presence without admission deems [Petitioner] to be [an] applicant[redacted] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 21st day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[6]Respondents' MSJ, Docket Entry No. 6, pp. 1–2.